**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Jones,<br><br>                     Plaintiff,<br><br>v.<br><br>Colorado Casualty Insurance Co.; Trudy A. Spratta, XYZ Corps.; John Does 1-26,<br><br>                     Defendants. | No. CV 12-1968-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Co-Defendant Trudy Spratta's ("Defendant" or "Spratta") Motion to Dismiss Plaintiff's claims against her. (Doc. 8). Plaintiff has filed a Response (Doc. 10) and Spratta has filed a Reply (Doc. 11). The parties have requested oral argument on the pending motion, however, because both the parties submitted memoranda discussing the law and evidence in support of their positions, because the Court has addressed this exact issue recently in *Young v. Colorado Casualty Group, Inc.*, CV-12-2302-PHX-JAT, 2013 WL 840618 (D. Ariz. Mar. 6, 2013), and because oral argument would not have aided the Court's decisional process, the Court will not grant oral argument concerning this matter. *See e.g., Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). The Court grants Spratta's motion for the following reasons.

## I.   BACKGROUND

Plaintiff Anthony Jones suffered an on-the-job injury and filed a claim with Defendant Colorado Casualty Insurance Company ("Colorado Casualty") for worker's compensation benefits. Spratta handled Jones' worker's compensation claim as Colorado Casualty's claims adjuster. Although he eventually received at least some of the benefits to which he was entitled, Jones experienced a great deal of difficulty working with Colorado Casualty.

Jones brought this action in Arizona state court by filing a complaint (the "Complaint") alleging a breach of the duty of good faith and fair dealing that resulted in wrongfully denied and unreasonably delayed benefit payments. (Doc. 1-1). Jones named Colorado Casualty and Trudy Spratta as defendants, as well as several fictitious John Does and XYZ Corporations. (*Id*. at 2-4). Colorado Casualty removed the action to this Court based on diversity of the parties. (Doc. 1).

The Complaint Jones filed alleges three claims for relief. The first claim is alleged only against Colorado Casualty for breach of the duty of good faith and fair dealing. (Doc. 1-1 at 8–10). The second claim is alleged only against Spratta for aiding and abetting Colorado Casualty's breach of the duty of good faith and fair dealing. (*Id*. at 10–11). The third claim[1] alleges both Defendants are liable for punitive damages. (*Id*. at 11–12). The Complaint alleges Colorado Casualty is vicariously liable for the acts of its employees or agents such as Spratta, and that Colorado Casualty is directly liable for a breach of the duty of good faith and fair dealing. (*Id*. at 3–4, 8-10). As for Spratta, the Complaint alleges only that she is "personally liable for her own acts and omissions insofar as she aided and abetted Defendant COLORADO CASUALTY in its violations of the Arizona Worker' [sic] Compensation Act and the duties of good faith and fair dealing owed to Mr. Jones." (*Id*. at 4). The only factual allegations in the Complaint are that an adequate investigation was not conducted and that Jones' claims for payment were

---

[1] In the Complaint, the three claims are labeled "First Claim," "Second Claim," and "Fourth Claim." (Doc. 1-1 at 8, 10, 11). Because there are only three claims, the Court will refer to the claim labeled "Fourth Claim" as the third claim.

1  delayed and denied without any reasonable basis.  (*Id.* at 5–7).

2  Spratta filed the pending Rule 12(b)(6) Motion to Dismiss.  (Doc. 8).  Spratta
3  argues she should be dismissed from this lawsuit because her actions are the sole basis for
4  Plaintiff's claims against Colorado Casualty, and she took those actions as Colorado
5  Casualty's agent.  Even if Colorado Casualty breached its duty of good faith and fair
6  dealing via Spratta's actions, she argues, one actor performing one set of actions cannot
7  simultaneously form the basis for both primary and secondary liability.  In other words,
8  Spratta argues one cannot aid and abet one's self.

9  **II.     ANAYSIS**

10 **A.     Federal Pleading Requirements**

11 The Court may dismiss a complaint for failure to state a claim under Federal Rule
12 of Civil Procedure 12(b)(6) for two reasons: (1) lack of a cognizable legal theory; or (2)
13 insufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police*
14 *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a 12(b)(6) motion for failure to state
15 a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure
16 8(a)(2).  Rule 8(a)(2) requires a "short and plain statement of the claim showing that the
17 pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is
18 and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
19 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

20 Although a complaint attacked for failure to state a claim does not need detailed
21 factual allegations, the pleader's obligation to provide the grounds for relief requires
22 "more than labels and conclusions, and a formulaic recitation of the elements of a cause of
23 action will not do."  *Twombly*, 550 U.S. at 555 (internal citations omitted).  Rule 8(a)(2)
24 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without
25 some factual allegation in the complaint, it is hard to see how a claimant could satisfy the
26 requirement of providing not only 'fair notice' of the nature of the claim, but also
27 'grounds' on which the claim rests."  *Id*. (citing 5 C. Wright & A. Miller, Federal Practice
28 and Procedure §1202, pp. 94, 95 (3d ed. 2004)).  Thus, Rule 8's pleading standard

1 demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### B.  A Secondary Act is Required to Aid and Abet a Primary Act

In his first claim, Plaintiff alleges Colorado Casualty breached its duty of good faith and fair dealing via the actions of Spratta, who was acting as Colorado Casualty's claims adjuster. For purposes of this Motion, the Court accepts that allegation as true. His second claim alleges that Spratta, in her individual capacity, aided and abetted Colorado Casualty in breaching its duty of good faith and fair dealing to Jones. In order to state a claim against Spratta, Plaintiff must allege facts sufficient to show that Spratta, as an individual, met the legal elements of aiding and abetting.

As a federal court sitting in diversity, this Court is bound to apply Arizona substantive law. *McClaran v. Plastic Indus.*, 97 F.3d 347, 356 (9th Cir. 1996); *Kabatoff v. Safeco Ins. Co. of Am.*, 627 F.2d 207, 209 (9th Cir. 1980) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)); *Yazzie v. Olney, Levy, Kaplan & Tenner*, 593 F.2d 100, 103 n. 4 (9th Cir. 1979). "Arizona recognizes aiding and abetting as embodied in Restatement [(Second) of Torts] § 876(b), that a person who aids and abets a tortfeasor is himself liable for the resulting harm to a third person." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 23 (Ariz. 2002). In order for there to be harm to a "third person," there must be at least two tortfeasors. *See* Restatement (Second) of Torts § 876 cmt. a (1977) ("Whenever two or more persons commit tortious acts in concert, each becomes subject to liability for the acts of the others, as well as for his own acts."); *see also Gibson-Jones v. Berkel & Co.*

*Contractors, Inc.*, 2008 WL 782568 (N.D. Cal. 2008) ("[A] single actor (as a matter of legal tautology) cannot aid and abet (or conspire with) itself.").

The Complaint alleges two "persons" are tortfeasors: Colorado Casualty and Spratta. The only factual allegations in the Complaint are that an adequate investigation was not conducted and that Jones' claims for payment were delayed and denied without any reasonable basis. (Doc. 1-1 at 5–7). Taken as true, these facts could amount to a breach of the duty of good faith and fair dealing, which is a "tortious act." *See* Restatement (Second) of Torts § 876 cmt. a. Plaintiff explicitly alleges this tortious act was committed by Colorado Casualty—*not* by Spratta. (Doc. 1-1 at 8) (first claim for relief alleged only against Colorado Casualty); (Doc. 10 at 2) ("The only cause of action alleged against [Spratta] is one for aiding and abetting Colorado Casualty's breach of the duty of good faith and fair dealing."). In order for Spratta and Colorado Casualty to have committed "tortious acts in concert," there must be some factual allegation showing a separate tortious act was committed by Spratta. Because the Complaint alleges no such facts, Plaintiff has failed to state a claim against Spratta.

In his Response, Plaintiff relies on *Morrow v. Boston Mutual Life Insurance Company*, CIV. 06-2635-PHX-SMM, 2007 WL 3287585 (D. Ariz. Nov. 5, 2007), for the proposition that an insurer's agent may be held liable for aiding and abetting the insurer. Although *Morrow* supports that proposition, that proposition does not support Plaintiff's claim against Spratta. The plaintiff in *Morrow* was receiving monthly disability payments from his insurer. *Id*. at *1. The *Morrow* plaintiff claimed his insurer committed the tort of bad faith by purposefully hiring a biased medical examiner as part of a "claim termination scheme." *Id*. The *Morrow* plaintiff alleged the medical examiner committed the tort of aiding and abetting "by providing a biased and unsubstantiated opinion" of the plaintiff's health. *Id*. at *5. Thus, in *Morrow*, there were two tortious acts alleged: (1) purposefully hiring a biased examiner in bad faith; and (2) aiding and abetting the bad faith by providing a biased and unsubstantiated medical opinion. Each act was alleged against a different defendant. Here, Plaintiff alleges only one tortious act: failing, in bad faith, to

conduct an adequate investigation and make timely benefits payments.

Plaintiff additionally relies on *Warner v. Southwest Desert Images, LLC*, 180 P.3d 986 (Ariz. Ct. App. 2008), for the proposition that an agent is not excused from responsibility for a tort merely because he is acting on behalf of his employer. Again, that proposition does not support Plaintiff's claim against Spratta. In *Warner*, a pest control company's employee sprayed chemicals that caused injury to the plaintiff. *Id*. at 991. On summary judgment, the trial court found the employee was negligent and the pest control company was vicariously liable under *respondeat superior*. *Id*. The issue of damages went to trial. Before the end of the trial, the trial court entered a directed verdict in favor of the employee on the basis that the company was clearly liable for the employee's actions. *Id*. at 991–92. The Arizona Court of Appeals reversed the trial court's directed verdict against the employee, holding that *respondeat superior* liability is joint and several. *Id*. at 992; *see* Ariz. Rev. Stat. § 12-2506(D)(2); Restatement (Third) of Agency § 7.01 (2006). Unlike *respondeat superior*, which is a theory of vicarious liability, aiding and abetting is a theory of secondary liability. The *Warner* plaintiff claimed both the employer and the employee were liable for the employee's negligence. Plaintiff here claims only Colorado Casualty is liable for breach of the duty of good faith and fair dealing. Plaintiff's separate aiding and abetting claim against Spratta requires Plaintiff to allege Spratta took separate action "in concert" with the actions giving rise to Plaintiff's claim against Colorado Casualty. Plaintiff alleges no such action.

Finally, Plaintiff alleges Colorado Casualty has a "non-delegable duty of good faith and fair dealing," (Doc. 1-1 at 3), and suggests that "under Arizona law it is unlikely that Ms. Spratta could commit violat[ions of] the duty of good faith and fair dealing." (Doc. 10 at 3). It is true that, under Arizona law, an insurance carrier may not "escape liability" by delegating its duty of good faith and fair dealing to another. *Walter v. Simmons*, 818 P.2d 214, 223 (Ariz. Ct. App. 1991). However, it does not follow that Spratta must have committed the separate tort of aiding and abetting merely because she was the agent through which Colorado Casualty breached its duty. Indeed, Plaintiff

1 argues that "[w]ithout the adjuster's inadequate investigation and her refusal to make the
2 required payments, Colorado Casualty would not have" committed a tort against Plaintiff.
3 (Doc. 10 at 4).  Thus, under Arizona law, Spratta and Colorado Casualty were acting as a
4 single legal entity. *See, e.g., Perry v. Apache Junction Elementary Sch. Dist. No. 43 Bd.*
5 *of Trs.*, 514 P.2d 514, 517 (Ariz. Ct. App. 1973) ("[A]gents and employees of a
6 corporation cannot conspire with their corporate principal or employer when acting in
7 their official capacities on behalf of the corporation and not as individuals for their
8 individual advantage.").  Accordingly, because Plaintiff has failed to allege Spratta took
9 any actions in her individual capacity "in concert" with the actions giving rise to
10 Plaintiff's claim against Colorado Casualty, Jones' aiding and abetting claim against
11 Spratta will be dismissed.

12 Alternatively, Plaintiff has failed to allege facts sufficient to satisfy the elements
13 of aiding and abetting.  In Arizona, "a person who aids and abets a tortfeasor is himself
14 liable for the resulting harm to a third person" when three elements are met: (1) the
15 primary tortfeasor commits a tort that causes injury to the plaintiff; (2) the defendant
16 knows that the primary tortfeasor's conduct constitutes a breach of duty; and (3) the
17 defendant substantially assists or encourages the primary tortfeasor in the achievement of
18 the breach. *Wells Fargo*, 38 P.3d at 23.   Because Plaintiff's claim for breach of the duty
19 of good faith and fair dealing is based entirely on Spratta's conduct—not Colorado
20 Casualty's—Spratta could not have known that the primary tortfeasor's conduct
21 constituted a breach of duty.  Spratta could not have known about conduct that did not
22 exist.

23 **C.     Punitive Damages Require an Underlying Tort**

24 Plaintiff also alleges Colorado Casualty and Spratta are liable for punitive
25 damages.  (Doc. 1-1 at 11–12).  Spratta argues that she cannot be liable for punitive
26 damages if, as the Court has found, Plaintiff has not adequately alleged a tort against him.
27 (Doc. 8 at 6).  Plaintiff does not dispute this contention.

28 In Arizona, "before a jury may award punitive damages there must be evidence of

an 'evil mind' and aggravated and outrageous conduct." *Linthicum v. Nationwide Life Ins. Co.*, 723 P.2d 675, 680 (Ariz. 1986). Punitive damages require evidence of "'something more' than the conduct necessary to establish the tort." *Rawlings v. Apodaca*, 726 P.2d 565, 577 (Ariz. 1986). Here, the only "conduct" alleged is against Colorado Casualty. Spratta cannot be liable for punitive damages unless she committed an underlying tort. Because Plaintiff has not adequately alleged a tort against Spratta, his claim for punitive damages against her must be dismissed as well.

### III.    CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant Trudy A. Spratta's Motion to Dismiss Plaintiff's claims against her (Doc. 8) is granted.

Dated this 4th day of September, 2013.

James A. Teilborg
Senior United States District Judge