WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony H. Jones,<br><br>               Plaintiff,<br><br>v.<br><br>Colorado Casualty Insurance Company, et al.,<br><br>               Defendants. | No. CV-12-01968-PHX-JAT<br><br>**ORDER** |

Before the Court are Defendant Colorado Casualty Insurance Company's Motion to Seal Portions of its Motion for Summary Judgment and Supporting Documentation, (Doc. 98), Plaintiff's Motion to Seal, (Doc. 105), and Defendant's Colorado Casualty Insurance Company's Motion to Seal Portions of its Reply Brief in Support of its Motion for Summary Judgment and Supporting Documentation, (Doc. 112). Additionally, the parties have filed a proposed protective order, unaccompanied by a formal motion. (Doc. 97). The Court now rules on the motions.

**I.  Background**

The following facts, gleaned from the redacted versions of the parties' briefs and supporting documents, appear to be agreed upon by the parties. This case arises out of an injury Plaintiff sustained in the course and scope of his employment. Defendant is the

workers' compensation insurer for Plaintiff's employer. Plaintiff's treating physician recommended a certain surgery, but an independent medical examination ("IME") commissioned by Defendant recommended conservative treatment. After undergoing the treatment, Defendant's treating physician once again recommended surgery. Defendant then sent the same doctor who performed the first IME to re-evaluate Plaintiff. This second IME recommended a less invasive—and less costly—alternative surgery. Defendant then commissioned another IME by a different doctor, which recommended no surgery and concluded that Plaintiff was stationary. About a month later, Defendant received phone calls from people claiming to be Plaintiff's family members reporting that Plaintiff had not been injured at work and was lying about his claim. Defendant then terminated Plaintiff's benefits. Plaintiff objected to this, and Defendant commissioned yet another IME, pursuant to which Defendant rescinded the termination and authorized the surgery recommended by the final IME. The essence of Plaintiff's claims is that Defendant acted unreasonably in delaying the surgery and denying Plaintiff's claim.

The motions to seal filed by both parties are based upon the same rationale: that some of the material submitted relating to Defendant's motion for summary judgment contain Plaintiff's "confidential, sensitive, and private medical information relating to his medical history, conditions and treatment arising out of his workers' compensation claim," and that some materials contain "certain proprietary, trade secret information pertaining to Colorado Casualty and/or its affiliates."

**II.     Legal Standard**

It has long been recognized that the public has a general right of access "to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right extends to all judicial records except those that have "traditionally been kept secret for important policy reasons," namely grand jury transcripts and certain warrant materials. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (citing

1  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "[T]he
2  strong presumption of access to judicial records applies fully to dispositive pleadings,
3  including motions for summary judgment and related attachments," because "the
4  resolution of a dispute on the merits, whether by trial or summary judgment, is at the
5  heart of the interest in ensuring the 'public's understanding of the judicial process and of
6  significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting
7  Co. v. U.S. Dist. Ct. for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)). "A party
8  seeking to seal a judicial record then bears the burden of overcoming this strong
9  presumption by meeting the 'compelling reasons' standard." *Id.* at 1178 (citing *Foltz*, 331
10 F.3d at 1135). The party must "articulate compelling reasons supported by specific
11 factual findings that outweigh the general history of access and the public policies
12 favoring disclosure, such as the public interest in understanding the judicial process." *Id.*
13 at 1178–79 (internal quotation marks and citations omitted). Generalized statements
14 supporting sealing are inadequate; a party must articulate specific facts to justify sealing,
15 and must do so with respect to each item sought to be sealed, *id.* at 1183–84, and a court
16 deciding to seal judicial records must "articulate the factual basis for its ruling, without
17 relying on hypothesis or conjecture." *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d
18 1430, 1434 (9th Cir. 1995)).

19 "In general, 'compelling reasons' sufficient to outweigh the public's interest in
20 disclosure and justify sealing court records exist when such 'court files might have
21 become a vehicle for improper purposes,' such as the use of records to gratify private
22 spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.*
23 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead
24 to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
25 without more, compel the court to seal its records." *Id.*

26 Accordingly, a party's allegations that material is "confidential" or "business
27 information" are insufficient to justify sealing court records containing such material
28 unless the party proves the existence of compelling reasons for sealing. *Krause v. Nev.*

*Mut. Ins. Co.*, 2013 WL 3776146, at *5 (D. Nev. July 16, 2013) (citing *Kamakana*, 447 F.3d at 1179). Moreover, because "confidentiality alone does not transform business information into a trade secret," a party alleging trade secret protection as a basis for sealing court records must show that the business information is in fact a trade secret. *St. Clair v. Nellcor Puritan Bennett LLC*, 2011 WL 5335559, at *2 (D. Ariz. Nov. 7, 2011). Thus, only in extremely limited circumstances will confidential information actually merit the sealing of court records. *See Kamakana*, 447 F.3d at 1182 (finding that conclusory statements about the content of documents did not provide "compelling reasons sufficiently specific to bar the public access to the documents").

### III. Analysis

#### A. Plaintiff's Medical Information

The Ninth Circuit has not specifically considered whether the sensitive nature of medical information justifies sealing court documents,[1] and neither party has cited any authority supporting such a holding. For the following reasons, the Court holds that general privacy concerns do not justify sealing medical records which are central to the issues in the case.

Privacy is no doubt important, but a general appeal to the private nature of a document cannot, without more, justify sealing it. *See Kamakana*, 447 F.3d at 1179. Even embarrassing documents—which are perhaps quintessentially private—are not exempt from the public's right to access. *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). Indeed, because the purpose of sealing documents is to hide them from public view, some interest in privacy or confidentiality is at the heart of nearly every request to seal documents.

Moreover, because Plaintiff's case largely centers on his medical condition and

---

[1] Notably, the Ninth Circuit in *Kamakana* affirmed the district court's decision to unseal documents because the defendant "[had] not made the requisite showing of good cause except as to those documents containing Plaintiff's medical records." *Kamakana*, 447 F.3d at 1186. This is of little help here, however, given that the medical records were not at issue in that decision and that the Ninth Circuit afforded the trial judge below "considerable discretion." *Id.* (citing *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996)).

- 4 -

various medical examiners' opinion of it, to allow all materials containing Plaintiff's medical information to be filed under seal "would effectively seal the entire case, and, thus, would infringe too extensively on the public right to access court records." *Rock v. McHugh*, 819 F. Supp. 2d 456, 476 (D. Md. 2011). Even a quick glance at the redacted versions of the parties' briefs and supporting documents reveals that a large portion of the record relating to Defendant's motion for summary judgment would be inaccessible to the public were the Court to grant the parties' motions to file under seal. An invocation of general privacy rights cannot justify such a sweeping order.

In short, given the centrality of Plaintiff's medical condition to the case, Plaintiff's privacy interests are not a compelling reason to seal the records from public access. Accordingly, the Court will not seal materials containing Plaintiff's medical information.

### B. Defendant's Trade Secrets

As noted above, protecting trade secrets constitutes a "compelling reason" to seal a document. *Kamakana*, 447 F.3d at 1179. The party asserting such protection, however, must show that the business information is in fact a trade secret. *St. Clair v. Nellcor Puritan Bennett LLC*, 2011 WL 5335559, at *2 (D. Ariz. Nov. 7, 2011). Generalized assertions that something is protected will not do. *See Kamakana*, 447 F.3d at 1183–84.

Here, Defendant has failed to show that the documents it seeks to seal contain protectable trade secrets or even to specify which documents contain trade secrets. As such, the Court is unable to make the factual findings necessary to determine whether sealing is appropriate with regard to Defendant's trade secrets.

### IV. Re-Briefing

Because the Court must deny the parties' motions to file under seal, the Court cannot at this time rule on the merits of the Defendant's underlying motion for summary judgment. Presumably the parties have attached to their pleadings only those documents necessary to decide the particular motion at issue, and therefore the Court should not automatically exclude those documents by considering the redacted versions of the motions. Thus, the Court will permit the parties to redo their motions and supporting

filings so that they have an opportunity to present the necessary evidence.

Accordingly, the Court will set two deadlines: one for briefing motions to file under seal, and a later deadline for briefing Defendant's motion for summary judgment.

Within fourteen days from the date of this Order, Defendant may file a motion to file under seal that identifies every document that it will use in support of its filings concerning Defendant's motion for summary judgment ("filings" includes motions, responses, replies, statements of fact, exhibits, and so forth) and that Defedant desires to be filed under seal. For each such document desired to be filed under seal, the motion to file under seal shall specify with particularity the compelling reasons why such document should be sealed. Further, Defendant shall explain in its motion to file under seal how each document it seeks to seal will be used in its motion for summary judgment and how it expects the Court to treat the sealed materials in its opinion ruling on the Defendant's motion for summary judgment. Additionally, Defendant shall explain in its motion to file under seal whether the Ninth Circuit honors the sealed status of opinions of a district court below. Finally, in its motion to seal, Defendant shall explain its position regarding the status of the documents it seeks to seal in the event that Defendant's motion for summary judgment is denied and those documents are marked as exhibits and entered into evidence in a public trial.

The Court will only allow arguments in Defendant's motion to file under seal relating to the documents purportedly containing trade secrets. As explained above, Plaintiff's medical information will not be sealed, and therefore no further briefing is warranted on that matter. Plaintiff may, but is not required to, file a response to the motion to file under seal in which it may argue why such documents should not be sealed. No replies will be permitted.

The Court will rule on the motions to file under seal, and for each document sought to be filed under seal, will determine whether sealing is justified. If the Court declines to permit a document to be filed under seal, the party seeking to use the document must either (1) not use the document in support of its filings or (2) file the

document not under seal.[2] If the Court permits a document to be filed under seal, Defendant may file it under seal at the appropriate time in the course of briefing Defendant's motion for summary judgment.

At the time that the Court rules on the motion to file under seal, the Court will set a briefing schedule for the parties' new versions of their filings relating to Defendant's motion for summary judgment.

## VI. Protective Order

Because it was filed after the close of discovery in this case, the parties' proposed protective order is rejected as untimely.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant Colorado Casualty Insurance Company's Motion to Seal Portions of its Motion for Summary Judgment and Supporting Documentation, (Doc. 98), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal, (Doc. 105), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Colorado Casualty Insurance Company's Motion to Seal Portions of its Reply Brief in Support of its Motion for Summary Judgment and Supporting Documentation, (Doc. 112), is **DENIED**.

**IT IS FURTHER ORDERED** striking Docs. 99, 103, 104, 109, 110, and 111. These documents shall remain under seal.

**IT IS FURTHER ORDERED** that the parties' proposed protective order, (Doc. 97), is **REJECTED**.

**IT IS FURTHER ORDERED** that the oral argument scheduled for December 17, 2014, (Doc. 114), is **VACATED**.

**IT IS FURTHER ORDERED** that the parties shall comply with the Court's

---

[2] Additionally, if the parties believe that a document should be sealed solely because a non-relevant portion of that document contains confidential information, the parties should consider stipulating to the admissibility of a redacted version.

- 7 -

1. procedure as set forth in this Order concerning the filing of Defendant's motion to file
2. under seal. Defendant shall file its motions to file under seal within fourteen days from
3. the date of this Order, with any responses due within the time period prescribed by Local
4. Rule 7.2(c).

        Dated this 3rd day of December, 2014.

_____
James A. Teilborg
Senior United States District Judge