WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony H. Jones,<br><br>    Plaintiff,<br><br>v.<br><br>Colorado Casualty Insurance Company, et al.,<br><br>    Defendants. | No. CV-12-01968-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Colorado Casualty Insurance Company ("Defendant")'s Motion to Seal Exhibits A through E to its Motion *in Limine* No. 10 Filed at Docket No. 153. (Doc. 180). Defendant contemporaneously filed a new Motion *in Limine* No. 10 with redacted versions of the exhibits attached. (Doc. 182). The Court now rules on the motion.

**I.    Legal Standard**

The Ninth Circuit treats judicial records attached to dispositive motions differently from records attached to non-dispositive motions. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." (citation omitted)). Specifically, while a party who seeks to seal documents attached to a dispositive motion must meet the rigorous "compelling reason" standard, "a 'good cause' showing under [Federal Rule of Civil Procedure] 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180

(citation omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (quotation omitted).

**II. Analysis**

On August 12, 2015, Defendant filed its tenth motion *in limine* accompanied by five exhibits. Defendant asserts that it inadvertently filed versions of the exhibits that fully disclosed Plaintiff's social security number and date of birth. Federal Rule of Civil Procedure ("Rule") 5.2 requires parties to redact all but the last four numbers of an individual's social security number and all but the year of an individual's birth in an electronic or paper filing. Fed. R. Civ. P. 5.2(a). The Court finds that Defendant's failure to redact Plaintiff's personally identifiable information as required by Rule 5.2 meets the "good cause" standard.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Seal (Doc. 180) is granted. The Clerk shall seal Exhibits A through E to Defendant's original Motion *in Limine* No. 10 which is currently filed at Docket 153.

**IT IS FURTHER ORDERED** that Defendant's original Motion *in Limine* No. 10 (Doc. 153) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Response to Defendant's Motion *in Limine* No. 10 (Doc. 176) will remain as his response to Defendant's newly-filed Motion *in Limine* No. 10 (Doc. 182).

Dated this 24th day of September, 2015.

James A. Teilborg
Senior United States District Judge