WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony H. Jones, | No. CV-12-01968-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Colorado Casualty Insurance Company, et al., | |
| Defendants. | |

Pending before the Court is Defendant Colorado Casualty Insurance Company ("Colorado Casualty")'s Motion *in Limine* No. 4 for an Order Precluding or Limiting the Testimony of Dr. Dewanjee and Request for Rule 104(a) Hearing. (Doc. 147). Plaintiff filed a response (Doc. 166) and a supplement to his response (Doc. 185). The Court now rules on the motion.

**I.    Background**

Colorado Casualty's motion questions the adequacy of Plaintiff's three attempted disclosures of his treating physician, Dr. Sumit Dewanjee. Plaintiff first disclosed Dr. Dewanjee in his Initial Disclosure Statement on November 30, 2012. (Doc. 185-2). In this disclosure, Dr. Dewanjee was described as: "Healthcare professionals who have knowledge regarding the facts and circumstances surrounding the happening, incident and/or occurrence made the basis of this suit." (*Id.* at 7, 9).

About one year later, Plaintiff provided Colorado Casualty with his "Second

1    Supplemental Rule 26.1(a) Disclosure Statement" on November 4, 2013. (Doc. 185-1). In
2    this disclosure, Plaintiff entitled Dr. Dewanjee as a "Non-Retained Physician Expert
3    Witness" and described him as follows:

> It is anticipated that as the treating physician for Mr. Jones, Dr. Dewanjee will offer testimony as to the impact of the delay in care caused by the misconduct of Defendants and regarding the reasonableness of the denial of Defendants. Dr. Dewanjee will testify that Mr. Jones suffered a left shoulder injury due to his work place injury. Dr. Dewanjee is expected to testify that there was no medical basis for Defendants to deny that Mr. Jones suffered a serious work place injury or to deny that Mr. Jones needed to be off work to be treated for this injury. Dr. Dewanjee will further testify that Defendant's denial was unreasonable and unwarranted based upon his medical opinion and reports. Dr. Dewanjee is expected to be able to testify, with reasonable medical certainty, that as well documented in the medical literature and his experience, Mr. Jones experienced significant physical injury, impairment, pain, emotional distress, deconditioning and other physical and financial damages as a result of the delays in treatment and immobility with consequences on his rehabilitation and recovery. Due to this delay Mr. Jones endured severe pain and was not able to function, so final prognosis is uncertain at this time. Dr. Dewanjee will offer testimony regarding this physical pain and emotional distress suffered by Mr. Jones as a result of the denial and delay of treatment.

18   (*Id.* at 3).[1]

19       Finally, Plaintiff provided Colorado Casualty with a third supplemental disclosure
20   statement on December 18, 2013. (Doc. 147-1).[2] In this third disclosure, which
21   substantially mimicked his second disclosure, Plaintiff disclosed Dr. Dewanjee as
22   follows:

> The treating physician for Mr. Jones, Dr. Dewanjee will offer testimony

---

[1] Dr. Dewanjee was deposed about one week after Plaintiff's second disclosure on November 12, 2013. (Doc. 147-1 at 3). On December 9, 2013, Dr. Dewanjee was deposed a second time. (*Id.* at 16).

[2] Plaintiff mislabeled this disclosure as "Plaintiff's Second Supplemental Rule 26.1(a) Disclosure Statement."

>(and already has in his deposition) as to the impact of the delay in care caused by the misconduct of Defendants and regarding the reasonableness of the denial of Defendants. Dr. Dewanjee will testify (and already has in his deposition) that Mr. Jones suffered a left shoulder injury due to his work place injury. Dr. Dewanjee is expected to testify (and already has in his deposition) that there was no medical basis for Defendants to deny that Mr. Jones suffered a serious work place injury or to deny that Mr. Jones needed to be off work to be treated for this injury. Dr. Dewanjee will further testify (and already has in his deposition) that Defendant's denial was unreasonable and unwarranted based upon his medical opinion and reports. Dr. Dewanjee is expected to be able to testify (and already has in his deposition), with reasonable medical certainty, that as well documented in the medical literature and his experience, Mr. Jones experienced significant physical injury, impairment, pain, emotional distress, deconditioning and other physical and financial damages as a result of the delays in treatment and immobility with consequences on his rehabilitation and recovery. Due to this delay Mr. Jones endured severe pain and was not able to function, so final prognosis is uncertain at this time. Dr. Dewanjee will offer testimony (and already has in his deposition) regarding this physical pain and emotional distress suffered by Mr. Jones as a result of the denial and delay of treatment. Plaintiff also would refer to the deposition of Dr. Dewanjee as to the expert opinions already offered.

(Doc. 147-1 at 24–25).

Two days after Plaintiff provided Colorado Casualty with his third disclosure statement, all expert disclosures were due pursuant to the Court's Rule 16 Scheduling Order. (Doc. 35 at 2). On January 17, 2014, all responsive expert disclosures were due pursuant to the Court's Rule 16 Scheduling Order. (*Id.*) On February 14, 2014, all rebuttal expert disclosures were due pursuant to the Court's Rule 16 Scheduling Order. (*Id.*) Finally, all discovery was to be completed by April 11, 2014 pursuant to the Court's Rule 16 Scheduling Order. (*Id.*)

## II.     Legal Standard

Treating physicians need not provide a "written report" under Federal Rule of Civil Procedure ("Rule") 26 to the extent that their opinions are formed during the course of treatment. *Goodman v. Staples the Office Superstore LLC*, 644 F.3d 817, 826 (9th Cir.

- 3 -

2011). Nonetheless, if a treating physician is to testify as an expert, as opposed to a fact witness, he or she must be disclosed pursuant to Rule 26(a)(2)(C). This rule provides:

> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C).

The Advisory Committee Notes to Rule 26 explain that "[c]ourts must take care against requiring undue detail" in Rule 26(a)(2)(C) disclosures. Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment. The puzzle for the Court becomes defining how many pieces a party must disclose to sufficiently apprise an opposing party of a treating physician's opinions but without imposing "undue detail." For example, one court noted that a summary is "ordinarily understood to be an 'abstract, abridgement, or compendium.'" *Kristensen v. Spotnitz*, No. 3:09-CV-00084, 2011 WL 5320686, at *2 (W.D. Va. June 3, 2011). Another court observed "[i]t is not enough [for a Rule 26(a)(2)(C) disclosure] to state that the witness will testify consistent with information contained in the medical records." *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014). Instead, the disclosure must "summarize actual and specific opinions" and, if the physician is to opine on causation, explain "how" and "why" the physician reached a particular opinion. *Id.*

Adequate disclosures are critical because "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1); *see Goodman*, 644 F.3d at 826. If a party violated Rule 26(a), it is that party's burden to show that the violation is substantially justified or harmless. *See Yeti by Molly, Ltd. v. Decker Outdoor*

- 4 -

*Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

**III.   Analysis**

Despite Plaintiff's multiple attempts to disclose Dr. Dewanjee, the Court finds that all three failed to meet Rule 26(a)(2)(C)'s requirements. To begin, it is self-evident that Plaintiff's Initial Disclosure Statement designating Dr. Dewanjee as a "Healthcare professional[]" with knowledge of the case's facts is wholly devoid of a "summary of the facts and opinions" required by Rule 26(a)(2)(C). Accordingly, the Court will focus its inquiry on Plaintiff's second and third disclosure statements. Because these two disclosures include virtually identical language, the Court will analyze the third, most recent disclosure.

An elementary problem with much of Plaintiff's disclosure is that while the reader is advised that Dr. Dewanjee "will offer testimony" about various issues, the disclosure fails to include *what his actual opinions are* regarding the issues. For example, Plaintiff disclosed:

> The treating physician for Mr. Jones, Dr. Dewanjee will offer testimony (and already has in his deposition) as to the impact of the delay in care caused by the misconduct of Defendants and regarding the reasonableness of the denial of Defendants. . . . Dr. Dewanjee will offer testimony (and already has in his deposition) regarding the physical pain and emotional distress suffered by Mr. Jones as a result of the denial and delay of treatment.

(Doc. 147-1 at 24–25). Such statements could mean one of any number of things. For example, this portion of the disclosure could suggest that Dr. Dewanjee will "offer testimony" that Plaintiff suffered minimal *or* excruciating physical pain. The disclosure could also imply that Dr. Dewanjee will testify that there was a minimal *or* a substantial impact caused by the alleged delay. Furthermore, Plaintiff failed to disclose the *factual basis* for these opinions. As the Court recently noted, any summary disclosure must contain enough detail so that the opposing party can "immediately . . . identify whether it needs a responsive witness and the information that such responsive witness would need

to address." *Cooke v. Town of Col. City*, No. CV-10-08105-PCT-JAT, 2013 WL 551508, at *4 (D. Ariz. Feb. 13, 2013). After reading this portion of the disclosure, the Court is hard pressed to determine the actual opinion a responsive witness would need to address. *See Pineda v. City & Cnty. of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012) (determining that the plaintiff's supplemental disclosure did not comply with Rule 26(a)(2)(C) because it did not "contain a summary of the facts and opinions to which each witness will testify"); *Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11-CV-01094-JEC, 2013 WL 1189493, at *6 (N.D. Ga. Mar. 21, 2013) (holding that a plaintiff did not comply with Rule 26 by disclosing only the subject matter and not the facts and opinions because the reader of the disclosure would have "no idea what opinion the doctor will offer or on what facts the doctor will base that opinion").

Second, some of the testimony proposed in Plaintiff's disclosure is simply outside the permissible range of opinions for a treating physician. For example, Plaintiff disclosed that Dr. Dewanjee intends to testify "regarding the reasonableness of the denial of Defendants" and "that Defendant's denial was unreasonable and unwarranted based upon his medical opinion and reports." (Doc. 147-1 at 24–25). Such testimony is, to put it mildly, beyond even the outermost reaches of a treating physician's expertise. In essence, this testimony opines on the claims handling practices of Colorado Casualty, an area of which Dr. Dewanjee does not have knowledge.[3]

Finally, while the balance of Dr. Dewanjee's proffered "testimony" may be in appropriate "opinion" form, Plaintiff failed to provide *any factual basis* for these opinions as required by Rule 26(a)(2)(C)(ii). Specifically, the remainder of Plaintiff's disclosure explains that Dr. Dewanjee will testify that: 1) Plaintiff "suffered a left shoulder injury due to his work place injury"; 2) "there was no medical basis for Defendants to deny that Mr. Jones suffered a serious work place injury or to deny that

---

[3] Even if Dr. Dewanjee possessed the necessary expertise, he testified during his deposition that it *would be* reasonable for an insurance company to delay surgery due to—as was the case here—differing medical opinions. (*Id.* at 54–55).

- 6 -

1 Mr. Jones needed to be off work to be treated for this injury"; and 3) "Mr. Jones
2 experienced significant physical injury, impairment, pain, emotional distress,
3 deconditioning and other physical and financial damages as a result of the delays in
4 treatment and immobility with consequences on his rehabilitation and recovery. Due to
5 this delay Mr. Jones endured severe pain and was not able to function, so final prognosis
6 is uncertain at this time." (*Id.*) As can be readily seen, Plaintiff discloses no facts for
7 "how" or "why" Dr. Dewanjee formed these "opinions." *See Hayes*, 2014 WL 3927277,
8 at *3; *Pineda*, 280 F.R.D. at 522–23 (holding that disclosing that treating physicians
9 would "present factual and opinion testimony on causation, diagnosis, prognosis, and
10 extent of [claimant's] disability" failed to "include any facts on which [the] non-retained
11 experts will rely").[4]

12 Consequently, Plaintiff may not use Dr. Dewanjee as an expert witness unless
13 Plaintiff can show that the inadequate disclosure was substantially justified or harmless.
14 *See* Fed. R. Civ. P. 37(c)(1). The Court finds that Plaintiff failed to make either showing.

15 Plaintiff does not contend that his failure to properly disclose Dr. Dewanjee was
16 substantially justified. Rather, Plaintiff argues that his failure to properly disclose Dr.
17 Dewanjee's opinions and the facts of his testimony was harmless because, if Colorado
18 Casualty had read Dr. Dewanjee's medical records, it could have understood the
19 substance of Dr. Dewanjee's opinions and facts to which he would testify. Moreover,
20 Plaintiff contends that by the time of his third disclosure statement, Colorado Casualty
21 was aware of the general nature of Dr. Dewanjee's opinions via Plaintiff's two prior
22 disclosures and Dr. Dewanjee's two depositions. If Colorado Casualty still remained
23 uncertain as to Dr. Dewanjee's testimony, Plaintiff asserts that it simply could have

---

25 [4] The Court also notes that Dr. Dewanjee is not qualified to offer expert testimony
26 regarding several topics in this portion of the disclosure. For example, by his own
admission, Dr. Dewanjee is "not the proper person to ask" regarding Plaintiff's alleged
27 emotional and mental damages. *See* (Doc. 147-1 at 5). It is equally clear that Dr.
28 Dewanjee possesses no expertise as to the financial impact the alleged delay caused
Plaintiff.

scheduled a third deposition.

The principal problem with Plaintiff's argument is that the purpose and intent of Rule 26(a)(2)(C) would be reduced to mere rhetoric if the Court were to hold harmless Plaintiff's disclosure. Rule 26(a)(2)(C) strikes a balance between requiring an expert report from a witness like a treating physician, who was not specially retained to provide expert testimony and requiring a defendant to peruse medical records in an attempt to guess at what the testimony of a treating physician might entail. In this case, the Court cannot conclude that Plaintiff's failure to properly follow the requirements of Rule 26(a)(2)(C) was harmless because Plaintiff believes that Colorado Casualty could have correctly guessed at the substance of Dr. Dewanjee's testimony from his prior deposition testimony, medical records, and prior disclosures.

Initially, from what the parties presented to the Court, Dr. Dewanjee's deposition testimony did not clear the waters regarding his possible trial testimony; it muddied them further.[5] Second, Plaintiff presents no evidence to show how many medical records he actually produced to Colorado Casualty. Even if he had, courts have summarily rejected the argument that mere disclosures of treatment records without an accompanying disclosure summary satisfies Rule 26(a)(2)(C). *See Smith v. Barrow Neurological Inst. of St. Joseph's Hosp. & Med. Ctr.*, No. CV-10-01632-PHX-FJM, 2012 WL 4359057, at *1 (D. Ariz. Sept. 21, 2012) (holding that referring to medical records associated with a treating physician fails to meet the requirements of Rule 26(a)(2)(C) and is grounds to strike an expert); *Nicastle v. Adams Cty. Sheriff's Office*, No. 10-CV-00816, 2011 WL 1674954, at *1 (D. Colo. May 3, 2011) (holding that a disclosure summary was improper because the disclosures merely referred to the expert's investigation files); *Ballinger v. Casey's Gen. Store, Inc.*, No. 1:10-CV-1439-JMS-TAB, 2012 WL 1099823, at *4 (S.D.

---

[5] For example, Plaintiff disclosed that Dr. Dewanjee was to testify that Colorado Casualty's "denial was unreasonable and unwarranted." (Doc. 147-1 at 24). During his deposition, however, Dr. Dewanjee testified that "if [Colorado Casualty] ha[d] a[n] opinion from another surgeon that recommended something completely opposite, I guess that would be justification to wait." (*Id.* at 10).

- 8 -

Ind. Mar. 29, 2012) (permitting a party to provide medical records in lieu of a summary "would invite a party to dump a litany of medical records on an opposing party" and is contrary to the "summary" requirement of Rule 26(a)(2)(C)); *Brown v. Providence Med. Ctr.*, No. 8:10CV230, 2011 WL 4498824, at *1 (D. Neb. Sept. 27, 2011) (holding that the court will not "place the burden on Defendants to sift through medical records in an attempt to figure out what each expert may testify to" and that plaintiffs have an obligation to provide information regarding the expected testimony of their expert witnesses in a coherent manner). Finally, Plaintiff's argument that Colorado Casualty should have been able to decipher the substance of Dr. Dewanjee's testimony due to Plaintiff's two prior disclosures distorts reality. The Court cannot conclude that Plaintiff's bare-bones initial disclosure or his second supplemental disclosure that was virtually identical to his inadequate third disclosure should have put Colorado Casualty on notice of the substance of Dr. Dewanjee's testimony. "If the Court were to permit this kind of 'find the Easter Egg' approach, it would allow litigants to manipulate the expert disclosure rule in a way that would materially increase the cost of litigation." *Cooke*, 2013 WL 551508, at *5.

Plaintiff's contention that Colorado Casualty could have simply performed a third deposition of Dr. Dewanjee is equally without merit. Pursuant to the Court's Rule 16 Scheduling Order, expert disclosures were due two days after Plaintiff issued his third supplemental disclosure statement, and responsive expert disclosures were due one month later on January 17, 2014. (Doc. 35 at 2). Thus, Plaintiff invites the Court to find harmless his own shortcomings because he believes Colorado Casualty should have been able to, within one month, schedule a third deposition with Dr. Dewanjee, prepare for the deposition, conduct the deposition, ascertain Dr. Dewanjee's actual opinions and factual basis for those opinions, gather responsive evidence, and appropriately disclose any responsive expert witnesses. Had Plaintiff *adequately* disclosed Dr. Dewanjee two days before expert disclosures were due, there would, of course, be no issue. However, the Court will not find a party's eleventh-hour *inadequate* disclosure to be harmless when it

would severely disrupt the schedule of his opposing party. *See Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012) ("Without proper disclosures, a party may miss its opportunity to disqualify the expert, retain rebuttal experts, or hold depositions for an expert not required to provide a report."). In short, it was not Colorado Casualty's burden to determine whether it needed to take a *third* deposition of Dr. Dewanjee. *See Sanchez v. California*, No. 1:12-CV-01835-SAB, 2015 WL 2185186, at *9 (E.D. Cal. May 8, 2015) ("Defendants should not be required to take the depositions of Plaintiff's expert witnesses without the benefit of receiving the summary of the expert opinion.").

For these reasons, Plaintiff did not meet his burden to show that his inadequate disclosures were substantially justified or harmless, and the Court will grant Colorado Casualty's motion to preclude Dr. Dewanjee from testifying as an expert. "[W]hile [Dr. Dewanjee] may be central to [Plaintiff]'s case and . . . exclusion [of his expert testimony] highly prejudicial, discovery sanctions can be appropriate even where they preclude 'a litigant's entire cause of action or defense.'" *Jarritos, Inc. v. Reyes*, 345 F. App'x 215, 217 (9th Cir. 2009) (quoting *Yeti by Molly*, 259 F.3d at 1106). On the other hand, Rule 37(c)(1)(C) provides the Court broad discretion to craft an "appropriate" sanction. Thus, in light of the fact Dr. Dewanjee was properly identified in Plaintiff's initial disclosure and disclosed twice thereafter, the Court will grant Colorado Casualty's motion *in limine* but will permit Dr. Dewanjee to testify as a percipient witness. He may testify *only as to what he perceived during his visits* with Plaintiff but not as to any information falling within the purview of an expert.

**IV.  Conclusion**

Once again, this case illustrates the increased cost of litigation necessitated when a party makes inadequate disclosures under Rule 26. When the Civil Rules Advisory Committee met in April of 2007 to consider proposals that ultimately resulted in the 2010 Amendment adding Rule 26(a)(2)(C), the Committee's primary motivation for requiring attorney disclosure of witnesses exempt from the expert report requirement was to "help opposing attorneys in determining whether to depose the witness. It will prevent

- 10 -

1  surprise." Fed. R. Civ. P. 26 Minutes of Rules Committee Meeting, at 30, *available at*
2  http://www.uscourts.gov/rules-policies/archives/meeting-minutes/advisory-committee-
3  rules-civil-procedure-april-2007. It is therefore incumbent upon counsel to provide
4  adequate disclosures so that opposing counsel can review the disclosures and know
5  whether a deposition of the witness is needed and whether to obtain a responsive witness.
6      Based on the foregoing,
7      **IT IS ORDERED** that Colorado Casualty's Motion *in Limine* No. 4 for an Order
8  Precluding or Limiting the Testimony of Dr. Dewanjee and Request for Rule 104(a)
9  Hearing (Doc. 147) is granted in part and denied in part. The motion is granted to
10 preclude Dr. Dewanjee from testifying as an expert at trial, but he will be permitted to
11 testify as a percipient witness. Colorado Casualty's request for a Rule 104(a) hearing is
12 denied as moot.
13     Dated this 19th day of October, 2015.

James A. Teilborg
Senior United States District Judge